```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
CARLOS PEÑA CASTILLO and JOSE RENE ARIAS                          :
DUME, individually and on behalf of others similarly              :
situated                                                          :
                               Plaintiffs,                        :    20-cv-2273 (LJL)
                                                                  :
        -v-                                                       :    ORDER
                                                                  :
DONA JUANA GROCERY STORE INC. (D/B/A                              :
DONA JUANA), LOS COMPADRES 1 GROCERY                              :
STORE INC. (D/B/A LOS COMPADRES GROCERY),                         :
JUAN MANUEL ORTIZ, JUAN SOTO, and                                 :
MERCEDES HERNANDEZ                                                :
                                                                  :
                               Defendants.                        :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/11/2021

LEWIS J. LIMAN, United States District Judge:

The parties in this matter have reached a settlement in principle. *See* Dkt. No. 45. The case was brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Under current Second Circuit law, any settlement—including any proposed attorney's fee award—must be scrutinized by the Court to ensure that it is fair. *See Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d. Cir. 2020); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

Accordingly, it is hereby ORDERED that, on or before March 19, 2021, the parties must submit to the Court a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky v. Scholastic*, Inc., 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The letter should address any confidentiality provisions, non-disparagement provisions, or releases in the proposed settlement agreement. The letter should also address, if applicable, any incentive payments to the plaintiffs and any attorney's fee award to plaintiffs' counsel (with documentation to support the latter, if appropriate) consistent with the principles set forth in *Fisher*, 948 F.3d at 600. It is not sufficient

to state the proportion of the requested attorney's fee to the overall settlement amount. Rather, the reasonableness of attorney's fees must be evaluated with reference to "adequate documentation supporting the attorneys' fees and costs," which "should normally [include] contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*; *see Strauss v. Little Fish Corp.*, 2020 WL 4041511, at *9 (S.D.N.Y. July 17, 2020) (discussing the requirements for adequately justifying an attorney's fee). Failure to provide the appropriate or sufficient documentation could result in the Court rejecting the proposed fee award.

The parties are directed to appear telephonically for a settlement approval hearing on March 26, 2021 at 2:00 p.m. Plaintiffs shall appear at the hearing and, if necessary, with an interpreter. The parties are directed to dial (888) 251-2909 and use the access code 2123101.

SO ORDERED.

Dated: March 11, 2021
      New York, New York

                                             LEWIS J. LIMAN
                                      United States District Judge